ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 APR -3 A 11: 21
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| DANIEL MOBLEY, | ) |
| Plaintiff, | ) |
| v. | ) CV 314-007 |
| CPT. BESS, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Coffee Correctional Facility in Nicholls, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Wheeler Correctional Facility in Alamo, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I. SCREENING OF THE COMPLAINT

#### A. BACKGROUND

In the complaint, Plaintiff names the following Defendants: (1) Captain Bess; (2) Correctional Officer Latasha Jones; and (3) Correctional Officer Carry. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 27, 2012, Plaintiff received his breakfast tray and attempted to re-enter his housing unit, but Officer Jones "kept moving side to side blocking [his] entry."

(Id. at 5.) Plaintiff dropped his tray, spilling food onto Officer Jones. (Id.) Officer Jones responded by hitting Plaintiff twice in the head with her radio, causing "severe pain and lumps on [Plaintiff's] head." (Id.) Plaintiff grabbed Officer Jones' arm and pushed her away from him, at which point additional officers arrived and took Plaintiff to the medical unit. (Id.)

After Plaintiff was evaluated by medical staff, he was placed in handcuffs and escorted out of the medical unit by Captain Bess and Officer Carry. (Id.) The two officers stopped Plaintiff in a corridor leading out of the medical unit, and Captain Bess punched Plaintiff in the nose. (Id. at 6.) Plaintiff, still handcuffed, fell backwards and "felt [his] shoulder pop out . . . and sharp pain." (Id.) While Plaintiff was on the ground, Captain Bess and Officer Carry continued to assault him, striking Plaintiff "with closed fists in the face and head," and kicking him in the stomach, ribs, and legs. (Id.)

Following the assault, Captain Bess and Officer Carry placed Plaintiff in the segregation unit. (Id.) Although Plaintiff was bleeding from his nose, Captain Bess and Officer Carry did not allow Plaintiff to see medical staff for the injuries he sustained during the assault. (Id.) Plaintiff was kept in segregation for eighty days, although he states his punishment was only supposed to last for twenty-eight days. (Id.) During his time in segregation, Plaintiff requested grievance forms, but was not given any. (Id.) Plaintiff seeks relief in the form of money damages and a declaration that his constitutional rights have been violated. (Id. at 7.)

**B. DISCUSSION**

**1. Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief

2

from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007)

3

(*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Based on His Confinement in Administrative Segregation.

Plaintiff's allegation concerning his confinement in administrative segregation consists only of his statement, "I was kept in isolation for 80 days even though I was sentenced to 28 days." (Doc. no. 1, p. 6.) Liberally construing Plaintiff's statement as an attempt to state a claim for a violation of his right to due process based on his extended confinement in the segregation unit, his allegation fails to state a claim for which relief can be granted.

For Plaintiff's right to due process to have been violated, he must have been deprived of life, liberty, or property; absent such deprivation, Plaintiff may not prevail on a due process claim irrespective of any alleged procedural deficiencies regarding determinations by prison officials that affect the conditions of his confinement. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In determining whether a protected interest is implicated and the Due Process Clause attaches in the prison context, the expectations created by state regulations are not conclusive, the nature of the sanctions imposed are. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Sanctions imposed by prison officials on inmates do not implicate due process concerns unless (1) "a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court," or (2) "the state has consistently given a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes [an] atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" Id. at 484; see also Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

4

Here, Plaintiff does not allege that the conditions of his confinement in segregation were severe or atypical. Indeed, Plaintiff does not comment at all on the conditions of his confinement in segregation other than to note that he did not receive grievance forms as requested. Rather, he appears to take issue only with the length of his confinement, which he claims was fifty-two days longer than it was initially supposed to be. However, Plaintiff's continued confinement in segregation does not amount to an infringement of a protected life, liberty, or property interest because being placed in segregation for an additional fifty-two days is insufficient to establish the imposition of an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 486 (placement in segregated confinement for thirty days does not infringe on protected liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (*per curiam*) (placement in administrative confinement for two months does not infringe on protected liberty interest); see also Al-Amin v. Donald, 165 F. App'x 733, 738 (11th Cir. 2006) (*per curiam*) (plaintiff's confinement in segregation for thirty months did not constitute a due process violation because it occurred "under conditions substantially similar to those experienced by the general population of [the prison]"). Therefore, Plaintiff fails to state a viable due process claim based on his extended confinement in administrative segregation.

### 3. Plaintiff Fails to State a Claim Based on the Denial of His Requests for Grievance Forms.

Plaintiff's allegation that he was denied grievance forms at Wheeler Correctional Facility also fails to state a cognizable § 1983 claim. Plaintiff provides no indication as to who denied his requests and, more importantly, under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure."

Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (*per curiam*). Thus, Plaintiff's allegation that he was denied access to grievance procedures fails to state any § 1983 claim upon which relief may be granted, and should be dismissed. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").

### 4. Plaintiff Fails to State a Claim for Deliberate Indifference Against Defendants Bess and Carry.

Plaintiff's allegation that Defendants Bess and Carry did not allow him to receive medical care following his assault also fails to state a claim. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendants acted with deliberate indifference to that need, and (3) his injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the first prong, a prisoner's medical need must have been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the second prong, Plaintiff must allege that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

In addition, as Plaintiff claims that a delay in medical treatment amounted to deliberate indifference, he must allege some "detrimental effect of the delay in medical treatment . . . ." Hill, 40 F.3d at 1188, *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners."). Whether such delay amounts to deliberate indifference to a serious medical need depends on the length of the delay as well as "the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353,

1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Here, the injuries Plaintiff claims to have suffered all resulted from the two separate assaults that form the basis of his excessive force claims. Plaintiff's deliberate indifference allegation consists entirely of his statement, "I was not allowed to see medical for the injuries I sustained by Cpt. Bess and C/O Carry while in segregation." (Doc. no. 1, p. 6.) However, Plaintiff does not describe his injuries, state how long he was kept from receiving treatment, or explain how Captain Bess and Officer Carry's failure to bring him to medical following the assault resulted in additional or exacerbated injuries. Because Plaintiff fails to describe any detrimental effect resulting from the alleged delay in receiving medical treatment, he fails to state a claim for deliberate indifference to his serious medical needs. Hill, 40 F.3d at 1188; Farrow, 320 F.3d at 1247.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims based on his confinement in administrative segregation, the denial of his requests for grievance forms, and deliberate indifference to his serious medical needs be **DISMISSED** for failure to state a claim.[1]

SO REPORTED and RECOMMENDED this 3rd day of April, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously issued Order, the Court is allowing Plaintiff to proceed with his excessive force claims against all three Defendants.

8