IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DANIEL MOBLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 314-007 |
| ) | |
| CPT. BESS, et al., ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a former inmate at Coffee Correctional Facility in Nicholls, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Presently before the Court is Defendants Cpt. Bess and Latasha Jones' motion to dismiss the case for failure to prosecute. (Doc. no. 26.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that C/O Carry be **DISMISSED**, Defendants' motion to dismiss be **GRANTED**, this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

I. **BACKGROUND**

In the complaint, filed on January 10, 2014, Plaintiff raised claims based on use of excessive force, deliberate indifference to his serious medical needs, being confined in administrative segregation, and being denied grievance forms. (Doc. no. 1.) The Court screened the complaint, dismissing his deliberate indifference, administrative segregation, and grievance form claims. (Doc. no 10.) The Court ordered service by the U.S. Marshal on Defendants for

Plaintiff's excessive force claim. (Doc. no. 12.) Defendants Cpt. Bess and Latasha Jones executed waivers of service but C/O Carry was never served. (Doc. nos. 21-23.) The Court further directed the U.S. Marshal, in an Order dated June 10, 2014, to use reasonable efforts to serve Defendant C/O Carry, and the U.S. Marshal subsequently filed a return indicating that it was not possible to make contact with Defendant Carry. (Doc. no. 27.)

The Court's Order dated June 10, 2014 was subsequently returned as undeliverable to Plaintiff and indicated that Plaintiff had been transferred. (Doc. no. 25.) Plaintiff was previously warned in two separate Orders that failure to notify the Court of any change in address could result in dismissal of his case. (Doc. no. 5, p. 4; Doc. no. 12, p. 4.) Defendants Cpt. Bess and Latasha Jones are now before the Court requesting Plaintiff's claims be dismissed for want of prosecution due to his failure to notify the Court of his change in address. (Doc. no. 26.)

## II. DISCUSSION

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff failed to comply with the Court's January 14th and April 3rd Orders directing him to notify the Court of any change in address. Plaintiff was also warned in both Orders that noncompliance could result in dismissal of his case. Yet, Plaintiff has transferred prisons without any forewarning or notification. This is precisely the type of neglect contemplated by the Local Rules. Therefore, dismissal is warranted under Loc. R. 41.1(c) for failure to prosecute. Equity, 556 F.3d at 1240; Owens, 331 F. App'x at 655.

Defendant C/O Carry should also be dismissed due to Plaintiff's failure to effect service. Rule 4(m) gives a 120-day period for service but also empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of 120-day service period, even in absence of good cause). Thus, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Here,

Plaintiff has not shown good cause for failing to timely effect service and the Courts finds that no other circumstances warrant an extension of the service period. In fact, Plaintiff's want of prosecution in this case heavily weighs against any such cause for failing to effect service, much less good cause.

### III. CONCLUSION

The Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. Accordingly, for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that C/O Carry be **DISMISSED**, Defendants' motion to dismiss be **GRANTED**, (doc. no. 26), this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED This 10th day of November, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA